[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE
As to the First Count — Denied
(a) There is nothing in the complaint that indicates "officiousness" on the part of the plaintiff. In fact, the plaintiff alleges that he was "invited to meet with defendant Stew Leonard, Jr."
(b) Whether or not the defendant's position is correct, is not essential to the validity of a count sounding in unjust enrichment that the plaintiff allege that his ideas were protected by copyright. Lack of copyright may CT Page 3503 constitute a successful special defense if at trial it turns out that the information imparted by the plaintiff to the defendant was required to be copyrighted in order to be protected.
(c) If the plaintiff fails to prove a cause of action under CUTSA he may prove unjust enrichment not involving a trade secret.
As to the Second Count — Granted
The allegation of misappropriation is conclusory and without issuable facts. Furthermore, there is no allegation that the defendant used "improper means" to obtain the trade secret.
As to the Third Count — Granted
There is no allegation that the defendant was engaged in any activity which constitutes "trade or commerce" within the meaning of 42-110b(a). The allegation that the defendant was engaged in "the business of Stew Leonard's" does not satisfy this requirement.
Prayers for Relief — Granted as to Numbers 2 and 3.
Since both the CUTSA and CUTPA counts are stricken there no longer is any basis for the claims for relief that are based on those causes of action.
MOTTOLESE, J.